## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON B. AGURS, SR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-0188 (RC) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment [ECF No. 14].[1] The motion is unopposed, and for the reasons stated below, it will be granted.

Plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Department of Justice ("DOJ") for "a copy of the Title III interception of electronic communication approval letters and all other documents that are part of the electronic surveillance for [five] telephone numbers" provided by plaintiff. Def.'s Statement of Facts As To Which There Are No Genuine Issues ("SOMF") ¶ 1. The Criminal Division initially denied plaintiff's request in full on the ground that the requested records were exempt from disclosure pursuant to FOIA Exemption 3, *id*. ¶ 3, and this determination was affirmed on administrative appeal to the DOJ's Office of Information Policy, *id* ¶ 5.

---

[1] Also before the Court is a Motion for Leave to Supplement Defendants' Summary Judgment Motion [ECF No. 16]. The motion will be granted.

1

"[N]otwithstanding its categorical[] withholding under Exemption 3, the Criminal Division . . . search[ed] for records responsive to [p]laintiff's FOIA request and processed them under the FOIA." *Id.* ¶ 7. Its searches of "the database used to track federal prosecutors' requests for permission to apply for court[] authorization to surreptitiously intercept conversations of person[s] allegedly involved in criminal activity . . . and . . . the database containing archived emails of Criminal Division employees" yielded responsive records. *Id.* The Criminal Division withheld certain of these records or portions of records under FOIA Exemptions 5, 6 and 7(C), *id.* ¶ 10; *see* Mem. of P. & A. in Support of Def.s' Mot. for Summ. J., Decl. of Peter C. Sprung ("Sprung Decl."), Ex. H (Vaughn Index). Among the responsive records were documents originating from other DOJ components. Pursuant to 28 C.F.R. § 16.4(c)(2), (d), the Criminal Division referred Title III applications to the Executive Office for United States Attorneys ("EOUSA") and referred agent affidavits to the Federal Bureau of Investigation ("FBI"). SOMF ¶ 11; *see* Sprung Decl. ¶ 39. The EOUSA and the FBI since "have consented to release of all the documents that were referred to them," and on December 9, 2014, the Criminal Division sent these documents (totaling 1,094 pages) to plaintiff at his current place of incarceration. Mot. for Leave to Supplement Defs.' Summ. J. Mot. [ECF No. 16], Supp. Sprung Decl. ¶ 3 & Ex. (Index of Released Documents). The declarant averred that all reasonably segregable information has been released. *See* Sprung Decl. ¶¶ 40-41; Supp. Sprung Decl. ¶ 3.

On October 15, 2014, the Court issued an Order [ECF No. 15] advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion. Specifically, the Court warned plaintiff that, if he failed to file an opposition to the motion by November 14, 2014, the motion would be treated as conceded. To

date, plaintiff has neither filed an opposition to the motion nor requested an extension of time. For purposes of this Memorandum Opinion, the above facts are deemed admitted. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues.").

Although the Court may treat defendants' unopposed motion as conceded, *see* LCvR 7(b), summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, defendants have met their burden. The Criminal Division's declarant adequately has explained: (1) the searches for records responsive to plaintiff's FOIA request, *see* Spring Decl. ¶¶ 14-23; (2) the withholding of records under FOIA Exemptions 5, 6, and 7(C), *see id*. ¶¶ 30-38; the release of all reasonably segregable information, *see id*. ¶¶ 40-41; and the referral of records to the EOUSA and the FBI, *see id*. ¶ 39, and their subsequent release to plaintiff in full, *see* Supp. Sprung Decl. ¶ 3. Accordingly, the Court will grant summary judgment in defendants' favor. An Order is issued separately.

DATE: December 17, 2014                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge